UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IAN FORBES,                                      )
                                                 )
                    Plaintiff,                   )
                                                 )
          v.                                     )          No. 1:22-cv-02290-JRS-MG
                                                 )
FERNANDO CERVANTES Employed as an                )
officer with the IMPD,                           )
SYDNIE HENSEL is the mother of my children,      )
                                                 )
                    Defendants.                  )

**ORDER**

Pending before the Court are various motions by *pro se* Plaintiff Ian Forbes, including his

Motion for Entry of Requests to Admit, [Filing No. 85], Motion to Compel Answers to Requests

to Admit, [Filing No. 86], Motion to Serve Subpoena, [Filing No. 92], Motion to Serve Subpoena,

[Filing No. 94], Motion to Serve Subpoena, [Filing No. 95], Motion for *In Camera* Review, [Filing

No. 96], Objection to Cricket Wireless Subpoena and Request to Modify, [Filing No. 97], Motion

to Extend Pretrial Deadlines, [Filing No. 101], and Motion to Serve Subpoena, [Filing No. 107].

The Court held a telephonic status conference on September 18, 2023, to discuss the case

status and pending motions. The Court heard argument from the parties and several of the motions

were resolved. The Court will discuss the remaining pending motions in turn.

> **A.      Motion for Entry of Requests to Admit and to Compel Answers**

Mr. Forbes has filed two motions regarding requests to admit; one requesting the court

enter an order deeming specific requests to admit propounded on Defendant Hensel admitted,

[Filing No. 85], and the other asking the Court to compel Defendant Hensel to answer a separate

set of requests to admit, [Filing No. 86].

First, Federal Rule of Civil Procedure 36(a) governs Requests for Admissions ("RFAs")

and provides:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). Further, Rule 36 provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4) (emphasis added). The Court finds Defendant Hensel's responses to Mr.

Forbes' RFAs are appropriate and no further responses are required, but declines to deem any

responses admitted. Therefore, Mr. Forbes' Motion for Entry of RFAs is **DENIED.**

Next, in opposition to Plaintiff's motion to compel answers to additional RFAs, Defendant

Hensel notes that she has sent answers other, to similar RFAs. She also requested

clarification before responding to the RFAs Plaintiff seeks to compel. She has not received

any supplements from Mr. Forbes. [Filing No. 90.] The parties discussed this Motion and

submissions at the status conference. The Court finds Defendant Hensel's objections justified,

notes that she has provided responses to similar questions, and therefore **DENIES** Mr. Forbes'

Motion to Compel Answers to RFAs**.**

### B.        Motions for Subpoenas

Mr. Forbes presents four separate motions asking the court to issue subpoenas *duces tecum*

that he would like the Clerk to endorse, and to be served on the following non-parties: (1) Karl

Hensel; (2) attorney Nathan Vining; (3) Google/Gmail; and (4) Brooke Elf. [Filing No. 92; Filing

No; 94; Filing No. 95; Filing No. 107.]

The motions submitted by Mr. Forbes combine his requests for endorsed subpoenas and the substance of his proposed subpoenas into the same documents. As such, the Court **GRANTS in part** and **DENIES in part** Mr. Forbes' Motions for Subpoenas. Mr. Forbes should take note that consistent with Fed. R. Civ. P. 45, he himself is required to complete the substance of the endorsed, but blank, subpoena before service. Regarding the Subpoena to Google/Gmail, Mr. Forbes should limit the timeframe for the requested emails to March 12, 2019, through October 10, 2021. Mr. Forbes is further responsible for serving any subpoenas consistent with Rule 45.

### C.    Motion for Judicial *In Camera* Review

Mr. Forbes requests the Court conduct an *in camera* review of the emails Defendant Cervantes included in his privilege log to determine whether they are privileged or available to him for discovery purposes. [Filing No. 96.] Mr. Forbes' Motion is **GRANTED in part and DENIED in part**, to the extent Defendant Cervantes shall provide Mr. Forbes with the dates and times of the emails identified on the privilege log. The Court will not undertake *in camera* review of any emails at this time.

### D.    Objection to Non-Party Subpoena and Request to Modify

Mr. Forbes next requests the Court grant his motion to modify the subpoena and non-party request for documents sent to Cricket Wireless. [Filing No. 97.] He argues that Defendant Cervantes' subpoena to non-party Cricket Wireless was insufficient to assist the non-party in providing the appropriate records sought. [Filing No. 97.] At the status conference, Defendant Cervantes noted that production of the requested information is forthcoming, to the extent these records are responsive to Mr. Forbes' discovery requests. As such, Mr. Forbes' Motion is **DENIED without prejudice** in the event Mr. Forbes believes what was sought is not provided following production of these records.

### E.    Motion to Extend Pretrial Deadlines

Mr. Forbes requests the Court extend pretrial deadlines. [Filing No. 101.] In support of his

request, Mr. Forbes cites to his attempts at gathering witness information and having to wait on

responses from Defendants. [Filing No. 101 at 1.] He further argues that he notified Defendants of

his plan to use expert witness testimony but does not have the testimony because (1) subpoenas

have not been issued, or (2) Defendants will not respond. [Filing No. 101 at 2.] Lastly, he contends

that he would like to use the Domestic Relations Counseling Bureau as expert testimony in

support of damages, but he will not be able to identify a witness from the bureau for months to

come. [Filing No. 101 at 2.] Ultimately, Mr. Forbes asks for permission to extend the time for

him to provide Fed. R. Civ. P. 26(a)(2) expert disclosers (for currently unidentified expert

witnesses), and to extend discovery, both for an unspecified amount of time.

In response, Defendant Cervantes responds that Mr. Forbes' claims regarding non-response

and delaying tactics are false. [Filing No. 105 at 1.] Defendant Cervantes then notes that Plaintiff

provides no basis to support his claim that any expert agreed to provide reports or testify for his

claim, he has not provided reports supporting these claims, nor can he identify at least one of the

experts he wishes to use. [Filing No. 105 at 1.] Finally, Defendant Cervantes contends Mr. Forbes'

request should be denied because the deadline for him to disclose experts or provide expert reports

passed on August 21, 2023. [Filing No. 105 at 1.]

In relevant part, the order setting the pretrial schedule sets forth the following deadlines:

E.  If parties need additional evidence from each other, or from third-parties,
    companies, or entities, they may use the methods described in Federal Rules of
    Civil Procedure 27-36 and 45 to obtain it. These methods are called "discovery"
    methods. All discovery requests must be served on the responding party (but
    NOT filed with the Court) no later than October 4, 2023. All Discovery must be
    completed by (30 days from date).

F.  No later than August 21, 2023 – Plaintiff shall tell the Defendant if he/she intends to use any testimony by expert witnesses. At that time, if Plaintiff intends to use an expert, he/she must give the Defendant either a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2)(B) for experts with regard to whom that Rule applies or a disclosure identifying the subject matter on which that witness is expected to provide expert testimony and a summary of the facts and opinions to which the witness is expected to testify, as required by Rule(26)(a)(2)(C).

G.  No later than September 20, 2023 – Defendant shall tell the Plaintiff if they intend to use any testimony by expert witnesses. At that time, if Defendant intends to use an expert, they must give the Plaintiff either a signed report from the expert that presents all the witness' opinions and all the other information required by Federal Rule of Civil Procedure 26(a)(2)(B) for experts with regard to whom that Rule applies or a disclosure identifying the subject matter on which that witness is expected to provide expert testimony and a summary of the facts and opinions to which the witness is expected to testify, as required by Rule(26)(a)(2)(C).

[Filing No. 59.] Of these deadlines, at the time Mr. Forbes filed the instant motion, only the expert witness deadline had passed.

## 1. Expert Witness Deadlines

If a motion for an extension is made after a deadline the Court may not extend time absent a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Rule 6(b) permits the Court to extend time after a deadline has passed "if the party failed to act because of excusable neglect." "Excusable neglect" includes, in appropriate circumstances, "inadvertence, mistake, or carelessness…." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388 (1993). The excusable neglect determination involves a consideration of the danger of prejudice to other parties; the length of the delay and its potential impact on the judicial proceedings; the reason for the failure to meet the deadline, including whether it was within the control of the movant; and whether the movant acted in good faith. *Id.*

Also relevant here is Fed. R. Civ. P. 16(b)(4), which obligates a party seeking to amend a case schedule to show "good cause" for doing so. *Id.* Upon a showing of "good cause," courts should modify case management plans. Fed. R. Civ. P. 16(b)(4). *See also* Local Rule 16-1(f) ("Absent court order, deadlines established in any order or pretrial entry under this rule may not be altered unless the parties and the court agree, or for good cause shown."). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). In other words, "the good cause standard is met when the movant demonstrates that despite due diligence in discovery, the Court's case management deadlines cannot be met." *Stewardson v. Cass Cty.*, 2020 WL 5249453, at *1 (N.D. Ind. Sept. 3, 2020).

The Court first considers the factors of length of delay and its impact on judicial proceedings. The deadline for expert discovery passed on August 21, 2023, nine days prior to Mr. Forbes filing the instant motion. It is fair to say that Defendants and the Court were not expecting Plaintiff's request to extend the deadline. Furthermore, Defendants have since completed expert discovery and Defendant Cervantes filed a dispositive motion. [*See* Filing No. 106.] If the expert witness deadline were to be extended, discovery would need to be further extended as well as the dispositive motion deadline, Defendants would need to seek experts, and multiple depositions would need to be taken. Thus, this factor weighs against granting Mr. Forbes' motion.

As for the next factor—the prejudice to the other party—as mentioned above, the cure would involve permitting Defendants to submit a new expert report as well, extending discovery, and possibly postponing the dispositive motion deadline. These measures would create added cost to Defendants and delay to the proceedings. While it is true that a trial date has not been set,

extending both expert witness and discovery deadlines would undoubtedly add additional delay. On balance, this factor weighs against Mr. Forbes' request.

We next examine Mr. Forbes' reason for failing to meet the deadline, whether it was under his control, and whether he acted in good faith. While delay may not be attributable to "bad faith," certainly Mr. Forbes has not established that he was diligent in seeking to secure and identify an expert. Mr. Forbes offers the explanation (but no evidence) that he had difficulty identifying an expert, but he does not explain why he did not (or was unable to) inform the Court or Defendants about these apparent difficulties. This lack of diligence undermines Mr. Forbes' Motion. Further, while the Court appreciates the issue of timely responses, Mr. Forbes is reminded that Defendants may respond at any time during their response period, and waiting until close to the deadline does not necessarily create harm or prejudice.

In summary, the factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 388 (1993) and the diligence required by Fed. R. Civ. P. 16(b)(4) counsel against granting Mr. Forbes' requested expert witness extension.

### 2. Discovery Deadline

In contrast, Mr. Forbes filed his request to extend the discovery deadline before the deadline expired. As such, the Court determines that the interest of justice counsels in favor of extending the discovery deadline to avoid too harsh a consequence that could result from an outright denial. Additionally, because discovery is forthcoming from Defendants, and this Court is granting various subpoenas to be sent to non-parties by Mr. Forbes, the deadline for serving discovery requests on the responding party shall be extended to December 4, 2023, and all discovery must be completed by 30 days from this date.

Mr. Forbes' Motion to Extend Pretrial Deadlines, is **GRANTED in part and DENIED in part**. No other pretrial deadlines shall be extended. The Court anticipates no further extensions absent compelling circumstances. Mr. Forbes must take care to fully comply with all local rules and court orders in the future.

**CONCLUSION**

For the reasons set forth above, the Court **ORDERS** as follows:

- The Court **DENIES** Mr. Forbes' Motion for Entry of Requests to Admit, [85]**;**
- The Court **DENIES** Mr. Forbes' Motion to Compel Answers, [86]**;**
- The Court **GRANTS in part** and **DENIES in part** Mr. Forbes' Motions for Subpoenas, [92; 94; 95; 107], with the guidance outlined above. The Clerk **is directed** to include four endorsed but otherwise blank subpoenas with Mr. Forbes' copy of this Order;
- Mr. Forbes' Motion for *In Camera* Review, [96], is **GRANTED in part and DENIED in part**, to the extent Defendant Cervantes shall provide Mr. Forbes with the dates and times of the emails identified on the privilege log. The Court will not undertake an *in camera* review of any emails at this time;
- Mr. Forbes' Objection to Non-Party Subpoena and Request to Modify, [97], is **DENIED without prejudice.**
- Mr. Forbes' Motion to Extend Pretrial Deadlines, [101] is **GRANTED in part and DENIED in part**. The deadline for serving discovery requests on the responding party shall be extended to December 4, 2023, and all discovery must be completed by 30 days from this date. No other pretrial deadlines shall be extended.

Date: 10/4/2023

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution via ECF to all counsel of record.


Via U.S. Mail:
IAN FORBES
289249
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362


SYDNIE HENSEL
25859 State Road 37 North
Noblesville, IN 46060