UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IAN FORBES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02290-JRS-MG |
| ) | |
| FERNANDO CERVANTES, ) | |
| SYDNIE HENSEL, ) | |
| ) | |
| Defendants. ) | |

**Order on Motion to Dismiss**

This *pro se* § 1983 civil rights case continues a rape and child custody dispute from state court. The Court screened the original Complaint once upon granting Forbes' motion for leave to proceed *in forma pauperis*, (Order on Various Matters, ECF No. 5), and again upon Cervantes' motion, (Order, ECF No. 53). Each time the Court found, without prejudice to future motions under Rule 12 or otherwise, that Forbes stated a claim to relief. Now before the Court is Cervantes' Motion to Dismiss the Amended Complaint. (ECF No. 106.)

I.   **Background**

Between the initial Complaint, (ECF No. 1), the Amended Complaint, (ECF No. 55), Forbes' statement of "Material Facts" in his Response to the motion to dismiss, (ECF No. 117), and judicial notice of state court proceedings, *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (approving judicial notice of court records), the Court has a fair appreciation of Forbes' version of events. The

Court takes his allegations as true for the purposes of this Order. *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020).

Forbes and Hensel, who are apparently unmarried, have two children together. On March 9, 2019, Forbes attacked Hensel, conduct for which he was later convicted of rape and criminal confinement. *See State v. Forbes*, Marion County Superior Court, Case No. 49D27-2003-F3-012742 (trial court docket); *Forbes v. State*, 206 N.E.3d 391 (Ind. Ct. App. 2023) (affirming conviction). The children were not present during the attack. After the attack, Hensel did not let Forbes contact their children. She reported the attack to police two days later, on March 11, at which point IMPD Officer Cervantes was assigned to the case. Forbes thinks that Hensel was considering letting him see the children until she talked to Cervantes, but that Cervantes' advice changed her mind. Hensel sought and on March 13 obtained an *ex parte* Order for Protection from Hamilton County Superior Court. (ECF No. 117-5.) For the next year, Forbes would contact Hensel asking to see the children, and she, allegedly on Cervantes' advice, would not respond.

In January 2020, Forbes hired a lawyer and filed paternity suits in Marion County. Hensel did not initially respond to those suits, even though, as Forbes alleges, she knew they had been filed. Forbes thinks Cervantes advised her not to respond. Hensel was summoned on March 23, 2020, and notified shortly after that a hearing had been set in the paternity cases. In response, Forbes claims, Hensel finally decided to have Cervantes recommend the state prosecutor charge Forbes for

the March 2019 attack. Forbes was charged on March 30, 2020, and a no-contact order was entered in the criminal case on June 25, 2020.

Hensel did not appear in the paternity cases until March 2021. Those cases apparently remain pending. Forbes was convicted in the criminal case in March 2022 and sentenced in April 2022.

## II. Discussion

### A. Forbes' Claims

Forbes alleges four injuries. In his own words:

(i) being prevented parental access prior to the Order for Protection being issued, from 3/11/19 – 3/13/19.

(ii) being prevented from making important parenting decisions regarding the care, control, and management of his children, from 3/13/19 – 3/10/21.

(iii) being prevented from the meaningful access and opportunity to be heard in the Marion Circuit Court, from 3/30/20 – 3/10/21.

(iv) interference with the rights to familial association by Defendant Cervantes having falsely listed Plaintiff's children as witnesses, in order to prevent Plaintiff from exercising his parental rights. This began on 6/25/20 and ended 4/18/2022.

(Pl.'s Resp. 16, ECF No. 117.) To be clear, "being prevented" here means something like "Hensel, acting on Cervantes' advice, prevented me." Lining up the dates in the claims with the dates in the "material facts" helps to understand which conduct is supposed to have caused which injury. So, in Claim I, Forbes claims that Hensel (on Cervantes' advice) did not let him see their children in the days after the attack. In Claim II, Forbes claims that Hensel (on Cervantes' advice) violated the terms of the Hamilton County Order for Protection by refusing to talk to him about their

3

children. In Claim III, Forbes claims that Hensel (on Cervantes' advice) refused to appear in the Marion County paternity cases. And in Claim IV, Forbes claims that Cervantes falsely listed the children as witnesses of the attack to have them included in the criminal case's no-contact order.

Telling, too, is what Forbes does not allege. He does not allege that Cervantes, or any other state official, took his children. He does not allege that Cervantes restrained him from seeing the children. He does not allege that the Hamilton County protective order was invalid. He does not allege that the Marion County paternity court was deceived or defrauded. And he does not allege that the Marion County criminal court's protective order was invalid (only that it ought not to have included the children).

Really, then, this case is at bottom a private quarrel: Forbes thinks Hensel ought to have let him see their children after he raped her. She did not, and he thinks his Constitutional rights were violated because she took a police officer's advice on the matter.

### B. Jurisdiction

Cervantes' Motion to Dismiss, (ECF No. 106), argues that the Court lacks jurisdiction over Forbes' claims under the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine rests on the principle that, under 28 U.S.C. § 1257, federal appellate review of state court decisions lies only with the Supreme Court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Thus a federal district court has no jurisdiction where "the losing party in state

4

court file[s] suit in federal court after the state proceedings end[], complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291. It is a narrow doctrine, which is applicable in "limited circumstances" and should not be used to supplant ordinary preclusion law. *Id.* at 291–93. *See also Lance v. Dennis*, 546 U.S. 459, 468 (2006) (Stevens, J., dissenting on other grounds) ("[With *Exxon*,] the Court finally interred the so-called *'Rooker-Feldman* doctrine.' And today, the Court quite properly disapproves of the District Court's resuscitation of a doctrine that has produced nothing but mischief for 23 years."). The "doctrine" is really just a rule against hearing appeals, so, "if a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction," even if preclusion dooms the case. *Exxon*, 544 U.S. at 293 (quoting *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

*Rooker-Feldman* has no application here. Forbes' claims are "independent claim[s]," not appeals. He does not ask the Court to "review and reject" any of the various state court decisions; indeed, he predicates Claims II and III on the validity of state court orders. Forbes asks for money damages, not a modification of the state court orders. There is no danger of the Court interfering with the state court orders, and hardly any even of the Court being forced to "den[y] a legal conclusion" reached there.

Cervantes raises in his reply brief a handful of post-*Exxon* cases in which the Seventh Circuit used *Rooker-Feldman* to bar claims that were "inextricably

5

intertwined" with state court judgments, even if those claims did not invite appellate review of those judgments. This Court notes that the Seventh Circuit has tried with "varying . . . success" to deprecate the "inextricably intertwined" standard post-*Exxon*, *Andrade v. City of Hammond, Indiana*, 9 F.4th 947, 954 (7th Cir. 2021) (Sykes, C.J., concurring), and so any reliance on that standard would be misplaced, especially where *Exxon* itself seems to forbid it. *See Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018) ("Because the phrase 'inextricably intertwined' has the potential to blur this boundary [between preclusion and *Rooker-Feldman*], it should not be used as a ground of decision."). *But see, e.g.*, *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 401 (7th Cir. 2023) (using "inextricably intertwined" without comment on preceding cases deprecating the standard).

### III.   Conclusion

The Court has jurisdiction over the claims here, so Cervantes' Motion to Dismiss, (ECF No. 106), is **denied.**

Cervantes' preclusion arguments, which appear for the first time in his reply brief, are not considered here. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021).

This Order triggers the Parties' 30-day dispositive motion deadline. (Order, ECF No. 150.)

A trial date will be set by separate order.

**SO ORDERED.**

Date: 03/06/2024

*/s/ James R. Sweeney II*
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

6

Distribution:

IAN FORBES
289249
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

SYDNIE HENSEL
25859 State Road 37 North
Noblesville, IN 46060

Brendan Basaran
Office of the Indiana Attorney General
brendan.basaran@atg.in.gov

Brandon E. Beeler
Office of Corporation Counsel
brandon.beeler@indy.gov

Rebekah Durham
Office of Indiana Attorney General
rebekah.durham@atg.in.gov

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Nathan K. Vining
Vininig Legal LLC
nathan.vining@gmail.com