UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IAN FORBES, | ) |
|       Plaintiff, | ) |
|       v. | ) No. 1:22-cv-02290-JRS-MG |
| FERNANDO CERVANTES, SYDNIE HENSEL, | ) |
|       Defendants. | ) |
| NATHAN K. VINING, | ) |
|       Interested Party. | ) |

**Order on Motion for Summary Judgment**

This *pro se* § 1983 civil rights case continues a rape and child custody dispute from state court. Now before the Court is Cervantes' Motion for Summary Judgment. (ECF No. 160.)

I. **Legal Standard**

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). A dispute of fact is only "material" if it affects the outcome according to the applicable substantive law. *Anderson*, 477 U.S. at 248.

The Court applies that standard here.

## II. Discussion

### A. Background

Forbes has made different claims, some vague and some contradictory, at different points over the course of this case. The Court found some clarity in the course of the Parties' briefing of Cervantes' motion to dismiss. (*See* Order 2–4, ECF No. 157.) There, the Court summarized Forbes' version of the facts:

> Forbes and Hensel, who are apparently unmarried, have two children together. On March 9, 2019, Forbes attacked Hensel, conduct for which he was later convicted of rape and criminal confinement. *See State v. Forbes*, Marion County Superior Court, Case No. 49D27-2003-F3-012742 (trial court docket); *Forbes v. State*, 206 N.E.3d 391 (Ind. Ct. App. 2023) (affirming conviction). The children were not present. After the attack, Hensel did not let Forbes contact their children. She reported the attack to police two days later, on March 11, at which point IMPD Officer Cervantes was assigned to the case. Forbes thinks that Hensel was considering letting him see the children until she talked to Cervantes, but that Cervantes' advice changed her mind. Hensel sought and on March 13 obtained an *ex parte* Order for Protection from Hamilton County Superior Court. (ECF No. 117-5.) For the next year, Forbes would contact Hensel asking to see the children, and she, allegedly on Cervantes' advice, would not respond.
>
> In January 2020, Forbes hired a lawyer and filed paternity suits in Marion County. Hensel did not initially respond to those suits, even though, as Forbes alleges, she knew they had been filed. Forbes thinks Cervantes advised her not to respond. Hensel was summoned on March 23, 2020, and notified shortly after that a hearing had been set in the paternity cases. In response, Forbes claims, Hensel finally decided to have Cervantes recommend the state prosecutor charge Forbes for the

> March 2019 attack. Forbes was charged on March 30, 2020, and a no-contact order was entered in the criminal case on June 25, 2020.
>
> Hensel did not appear in the paternity cases until March 2021. Those cases apparently remain pending. Forbes was convicted in the criminal case in March 2022 and sentenced in April 2022.

(Order 2–3, ECF No. 157.) The Court also discussed Forbes' claims (which apparently at this point only concern Cervantes, not Hensel):

> Forbes alleges four injuries. In his own words:
>
> I.  being prevented parental access prior to the Order for Protection being issued, from 3/11/19 – 3/13/19.
>
> II. being prevented from making important parenting decisions regarding the care, control, and management of his children, from 3/13/19 – 3/10/21.
>
> III. being prevented from the meaningful access and opportunity to be heard in the Marion Circuit Court, from 3/30/20 – 3/10/21.
>
> IV. interference with the rights to familial association by Defendant Cervantes having falsely listed Plaintiff's children as witnesses, in order to prevent Plaintiff from exercising his parental rights. This began on 6/25/20 and ended 4/18/2022.
>
> (Pl.'s Resp. 16, ECF No. 117.) To be clear, "being prevented" here means something like "Hensel, acting on Cervantes' advice, prevented me." Lining up the dates in the claims with the dates in the "material facts" helps to understand which conduct is supposed to have caused which injury. So, in Claim I, Forbes claims that Hensel (on Cervantes' advice) did not let him see their children in the days after the attack. In Claim II, Forbes claims that Hensel (on Cervantes' advice) violated the terms of the Hamilton County Order for Protection by refusing to talk to him about their children. In Claim III, Forbes claims that Hensel (on Cervantes' advice) refused to appear in the Marion County paternity cases. And in Claim IV, Forbes claims that Cervantes falsely listed the children as witnesses of the attack to have them included in the criminal case's no-contact order.
>
> Telling, too, is what Forbes does not allege. He does not allege that Cervantes, or any other state official, took his children. He does not

3

> allege that Cervantes restrained him from seeing the children. He does not allege that the Hamilton County protective order was invalid. He does not allege that the Marion County paternity court was deceived or defrauded. And he does not allege that the Marion County criminal court's protective order was invalid (only that it ought not to have included the children).
>
> Really, then, this case is at bottom a private quarrel: Forbes thinks Hensel ought to have let him see their children after he raped her. She did not, and he thinks his Constitutional rights were violated because she took a police officer's advice on the matter.

(Order 3–4, ECF No. 157.) The Court did not get into the merits of those claims because the Motion to Dismiss was predicated exclusively on *Rooker-Feldman* jurisdictional grounds. Now it is time. Even taking Forbes' allegations as admissible evidence, in the nature of a verified complaint based on personal knowledge, *see Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017), the conduct Forbes alleges does not clear the immunity bar. That ends the case.

### B. Merits

Cervantes, a police officer, is entitled to qualified immunity unless "(1) [Forbes] adequately alleged facts that, if true, would constitute a violation of a statutory or constitutional right, and (2) the right was 'clearly established' at the time of the alleged violation, such that a reasonable public official would have known his conduct was unlawful." *Hanson v. LeVan*, 967 F.3d 584, 592 (7th Cir. 2020) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Court may consider those elements in either order. *Leiser v. Kloth*, 933 F.3d 696, 701 (7th Cir. 2019). To prove a right was "clearly established," Forbes would have to "show either a reasonably analogous case that has both articulated the right at issue and applied it to a factual circumstance similar to the one at hand or that the violation was so obvious that a reasonable

4

person necessarily would have recognized it as a violation of the law." *Id.* (quoting *Howell v. Smith*, 853 F.3d 892, 897 (7th Cir. 2017)).

Forbes' claims are all barred by Cervantes' immunity.

Claim I, that Hensel and Cervantes "prevented" him from seeing his children in the days after the attack, does not amount to a constitutional violation. Cervantes can only be liable for his own behavior, *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022), and the only thing he is alleged to have done is recommend to Hensel that she keep the children away from Forbes. Mere advice is not the sort of coercive government action that the constitution shields us from. This is far from the cases where the government takes custody of children on a mere hunch; ultimately Hensel, the other parent and herself a private citizen, was the intervening cause in deciding which actions to take. (One could say, alternately, that Forbes here fails to state a claim. *E.g. id.* (so doing); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (requiring claims to be "plausible"). A further obstacle is that Forbes' own documentary evidence tends to show that Cervantes and Hensel did not confer until March 20, a week *after* the deprivation Forbes alleges in Claim I. (Pl.'s Ex. 24, ECF No. 117-24.))

Even if the alleged conduct in Claim I were held to violate a constitutional right, no such right is "clearly established." It is not facially outrageous for an officer to advise a potential victim of sexual assault not to have further contact with her alleged assaulter. *Leiser*, 933 F.3d at 701 (looking for actions that are "obvious[ly]" wrong).

5

And the Court can find no precedent suggesting, much less holding, that a police officer violates the constitution by giving advice.

Claim II fares the same: Cervantes probably is not responsible for Hensel's decision not to follow the Hamilton County protective order; he is alleged to have "instructed" her to disregard the order, but she made the choice herself. Even if Cervantes were held responsible, it is not a constitutional violation, because, for random, unauthorized acts of state employees, a due process violation lies only where there is no effective remedy in state court. *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 804 (7th Cir. 2010). Forbes did have an effective remedy: he could have, and perhaps did, ask the Hamilton County court to enforce its own order by a show-cause or contempt hearing. (Pl.'s Resp. 7, ECF No. 117 (alleging petition to Hamilton County court).) And that assumes Forbes has a "liberty" or "property" right in the proper enforcement of the protective order's terms, *Leavell*, 600 F.3d at 804, which the Court doubts, *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 766 (2005).

And again, even if Cervantes were held responsible for Hensel's disregard of the order, and even if his instructions amount to a constitutional violation, that violation is neither obvious nor clearly established by precedent.

Likewise with Claim III. Cervantes probably is not responsible for Hensel's decision not to appear in the Marion County paternity case, even if he did advise her to avoid service. Even if Cervantes were held responsible, Forbes probably has no protected interest in having Hensel appear in court. And even if Cervantes is

6

responsible, and Forbes has a protected interest, there is no due process violation because Forbes had relief at hand by petitioning the court to enforce its orders, find Hensel in default, or otherwise compel her to appear. And even if all of the above fails, it is not clearly established that advising a family law respondent not to appear amounts to a constitutional violation.

Finally, as to Claim IV, the Court doubts Forbes' claim is "plausible" in the first place: he says Cervantes managed to obtain an overbroad protective order only by lying that the children were "witnesses." But Forbes' own documentary evidence shows the children were listed on the application for the protective order as "victim(s)/witness(es)," (ECF No. 117-17), and there is a strong argument that the children are victims, so most likely there was no lie. Even if the children were ultimately not considered victims, they could in good faith be described as victims, which would make any lie unintentional. It is not a constitutional violation to be mistaken. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Even if there was a deliberate lie, Forbes had a sufficient remedy: he was able to argue before the criminal court that the children ought not to be included in the order, and the judge ruled against him. (Hearing Transcript, ECF No. 117-21.)

The Court has treated Forbes' claims as procedural due process claims in the immunity analysis. Although the Court was previously willing to entertain the idea that Forbes had a substantive due process case, (Order 5, ECF No. 53), "substantive due process protects against only the most egregious and outrageous government

7

action," *Campos v. Cook Cnty.*, 932 F.3d 972, 975 (7th Cir. 2019).  It is now clear that none of the conduct here, even as alleged, rises to that level.

The Court also previously rejected any conspiracy claims under 42 U.S.C. § 1985. (Order 5–6, ECF No. 53.)  That analysis remains unchanged.  And, for completeness' sake, the Court observes that Forbes' allegations do not state a plausible claim under the "conspiracy theory" of § 1983, either.  There is no plausible allegation that Hensel, herself a private individual, made a "concerted effort" with Cervantes to deprive Forbes of his rights.  *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).  Hensel, after all, did not need to use Cervantes's state authority to do what she is alleged to have done: keeping the children away, ignoring the terms of a protective order, and dodging service are all actions she was able to do herself.  Put another way, the most offensive allegation, from a constitutional perspective, is that Cervantes directed Hensel to keep Forbes from his children.  It is not similarly offensive to allege that Hensel took direction.

Hensel, aside from the "conspiracy" theory, is a private individual not subject to § 1983 liability.  *Id.*

### III. Conclusion

Cervantes is entitled to qualified immunity on all Forbes' claims; even as alleged Forbes' case does not implicate his constitutional rights.  And Hensel, as a private citizen, cannot violate those rights.

The Motion for Summary Judgment, (ECF No. 160), is **granted** on all claims. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 07/29/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

IAN FORBES
289249
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

SYDNIE HENSEL
25859 State Road 37 North
Noblesville, IN 46060

Brandon E. Beeler
Office of Corporation Counsel
brandon.beeler@indy.gov

John P. Lowrey
City of Indianapolis
john.lowrey@indy.gov

Nathan K. Vining
Vininig Legal LLC
nathan.vining@gmail.com